EDWIN K. PRATHER (Cal. Bar No. 190536)
SYBIL L. RENICK (Cal. Bar No. 213149)
PRATHER LAW OFFICES
245 Fifth Street, Suite 103
San Francisco, California 94103
Telephone:    415-881-7774
Email: Sybil@pratherlawoffices.com

Attorneys for Plaintiff/Counterclaim-Defendant
ADVANCED RISK MANAGERS, LLC

H. MARC RUPP (Cal. Bar No. 198871)
HOWARD M. RUPP, APLC
615 N Paulina Ave.
Redondo Beach, Ca  90277
Telephone:  (310) 903-8497
Facsimile:  (310) 733-5663

SCOTT S. BALBER (pro hac vice)
Scott.Balber@hsf.com
JONATHAN CROSS (pro hac vice)
Jonathan.Cross@hsf.com
ALEXANDER HOKENSON (pro hac vice)
Alex.Hokenson@hsf.com
HERBERT SMITH FREEHILLS NEW YORK LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (917) 542-7600
Facsimile: (917) 542-7601

Attorneys for Defendant/Counterclaim-Plaintiff,
EQUINOX MANAGEMENT GROUP, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED RISK MANAGERS, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>EQUINOX MANAGEMENT GROUP, INC., a Delaware corporation,<br><br>        Defendant.<br><br>EQUINOX MANAGEMENT GROUP, INC., a | Case No. 4:19-cv-03532-DMR<br><br>**JOINT RULE 26(F) REPORT AND INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:      March 4, 2020<br>Time:      1:30 p.m.<br>Courtroom:  4<br>Judge:    Hon. Donna M. Ryu |

1  Delaware corporation,                              )
                                                      )
2                    Counterclaim-Plaintiff,          )   Complaint Filed:   June 19, 2019
                                                      )
3        v.                                           )
                                                      )
4  ADVANCED RISK MANAGERS, LLC, a                     )
   California limited liability company,              )
                                                      )
5                    Counterclaim-Defendant.          )
                                                      )
6  _____)

7

8          Counsel for Plaintiff/Counterclaim-Defendant Advanced Risk Managers, LLC ("Plaintiff")

9  and Defendant/Counterclaim-Plaintiff Equinox Management Group, Inc. ("Defendant")

10  (collectively, the "Parties") have met and conferred as required by Federal Rule of Civil Procedure

11  26(f) and this Court's Order Setting Initial Case Management Conference, dated June 20, 2019, and

12  subsequent Orders dated August 5, 2019, September 17, 2019, and December 10, 2019.

13          Pursuant to Rule 26(f), Civil Local Rule 16-9, and the Standing Order for all Judges of the

14  Northern District of California, the Parties hereby submit the following Joint Rule 26(f) Report and

15  Initial Case Management Conference Statement:

16      **1.      Jurisdiction and Service:**

17          There are no issues regarding personal jurisdiction, subject-matter jurisdiction (based on

18  diversity of citizenship and amount in controversy), or service.

19      **2.      Facts:**

20      **Plaintiff's Statement of Facts**

21          Plaintiff Advanced Risk Managers, LLC ("ARM") is an insurance claims consulting firm

22  engaged in the business of reviewing and evaluating insurance companies' business processes and

23  auditing their claims handling to identify cost savings for these companies.  Defendant Equinox

24  Management Group, Inc. ("Equinox") is involved in the business of managing insurance claims.

25  ARM and Equinox entered into an Agreement for Consulting Services ("Agreement") under which

26  ARM agreed to provide certain claims auditing and consulting services for Equinox.  Under the

27  Agreement, Equinox agreed to pay ARM a certain hourly rate and 28% of the net claims savings

28  when ARM's audit review is used to facilitate post-payment adjudication, settlement or resolution of

a claim.   ARM performed the work requested by Equinox pursuant to the Agreement, which consisted of auditing 37 claims to identify overbilling and potential billing errors.  ARM's audit created potential savings in the amount of $8,812,123.71 for Equinox.  Thus, the potential net savings that Equinox owes to ARM is $2,467,394.64 (28% of the validated savings created by ARM's audit).

However, despite ARM's repeated requests, Equinox has failed and refused to provide to ARM information regarding the net savings Equinox achieved on the 37 claims audited by ARM, thereby preventing ARM from calculating the amount of service fees that Equinox owes to ARM.

Equinox contends that a release agreement between ARM and Equinox in connection with a prior lawsuit that ARM brought against Renaissance Reinsurance US Inc. ("Renaissance"), for breach of contract released and discharged Equinox from ARM's claims against Equinox in this action.  ARM contends the prior lawsuit and release involved a difference contract (between ARM and Renaissance) than the contract at issue in this lawsuit, and the release was not intended to discharge claims that may arise out of the contract at issue here.

**Defendant's Statement of Facts**

Plaintiff is an insurance consulting firm with its principal place of business in San Francisco, California.  ARM audits insurance companies' claims to identify cost savings for those companies. Defendant Equinox is a company incorporated in Delaware that provides insurance and underwriting management services.

On September 3, 2015, Equinox and ARM entered into an agreement (the "Agreement") under which ARM would perform claims review services for Equinox.  Equinox was managing these claims reviews on behalf of Renaissance.  ARM had previously brought a lawsuit (referenced in section 10, below) against Renaissance alleging nonpayment of fees with respect to audits performed by Plaintiff pursuant to the same Agreement that forms the basis for this lawsuit.  As in this case, those audits related to Renaissance claims, and were performed pursuant to Equinox's agreement with Renaissance pertaining to, among other things, claims management.

On October 17, 2018, ARM, Equinox and Renaissance entered into a release agreement (the "Release") as part of the settlement of the earlier action against Renaissance.  ARM's counsel

specifically requested that the Release include Equinox as a party to it, such that all claims between ARM and Equinox would be forever extinguished.  In exchange for the Release, ARM accepted a monetary settlement.  The Release contained a broad general release provision releasing Equinox from all claims, on any basis whatsoever, and whether known or unknown, which existed as of the date of signing.  ARM contends that, despite this language, the parties to the Release actually intended it to apply only to the claims specifically pled in the Renaissance Action.  Equinox considered the plain language of the contract to be clear and is neither aware of nor intended any limitations or modifications of the express terms of the Release.

On June 19, 2019, ARM filed the present action against Equinox, asserting claims against Equinox for breach of contract, anticipatory breach of contract and breach of the implied duty of good faith and fair dealing.  ARM's claims relate to work performed (and billed) long before the date of the Release, and ARM has not alleged in the Complaint (or in any other submission) that any savings were realized, or any other event occurred, after the date of the Release that would give rise to a claim that is not covered by the release.  In addition, the sworn deposition testimony of ARM's principal in the Renaissance action confirms that the claims in that action were brought under the same Agreement that forms the basis for these claims.  ARM's principal also testified that ARM's fees were owed and could be billed before savings were achieved.  While Defendant does not agree with this position, if ARM's prior statements are given estoppel effect, then ARM's claims accrued when the relevant audits were delivered, months or years before the date of the Release.  Moreover, because the Complaint fails to allege that any savings were in fact achieved after the date of the Release, Plaintiff's claims are barred in any event.

On September 6, 2019, Equinox moved to dismiss ARM's Complaint, on the grounds that ARM failed to state a claim, was judicially estopped from asserting positions that contradicted positions taken in the Renaissance Action, and ARM's claims were barred by claim preclusion and the plain language of the Release.  On December 10, 2019, the Court denied Equinox's motion to dismiss.  On January 7, 2020, Defendant filed its Answer, Defenses and Counterclaims, seeking breach of contract damages from Plaintiff for bringing release-barred claims in violation of the Release.

**3.    Legal Issues:**

With respect to the Release, the Parties dispute whether the parties to the Release intended to discharge ARM's current claims and whether the written terms of the Release should govern its scope.

If the Release does not apply to these claims, the Parties also dispute issues including, *inter alia*, whether Equinox breached the Agreement, whether the audits at issue in this case are subject to a "contingency" fee arrangement (as opposed to an hourly rate), and ARM's calculation of damages.

**4.    Motions:**

Defendant filed a motion for pro hac vice admission for New York attorney Alexander Hokenson. ECF No. 40. The Court granted this motion. ECF No. 41. There are no pending motions at this time.

The parties reserve their right to bring motions for summary judgment.

**5.    Amendment of Pleadings:**

Plaintiff does not currently intend to amend its Complaint or add parties. Defendant does not currently intend to amend its Counterclaim or add parties. There has been no joinder or amendments by the Parties and the Parties' agreed upon deadline for joinder of additional parties, or other amendments to the pleadings of thirty (30) days following the Court's denial of Defendant's Motion to Dismiss has now passed.

**6.    Evidence Preservation:**

The parties confirm that their counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties further confirm that they have undertaken steps to preserve evidence relevant to the issues in this action. The Parties will continue to meet and confer regarding reasonable and proportionate steps to be taken to preserve evidence relevant to the issues in this action.

**7.    Disclosures:**

Both Parties have fully and timely complied with Federal Rule of Civil Procedure 26(a) by serving initial disclosures. Both Parties reserve the right to amend their disclosures as additional information becomes available in discovery.

1    **8.    Discovery:**

2    Both Parties have served initial sets of written discovery requests, anticipate taking

3    depositions, and propose the following discovery plan.  On January 24, 2020, Defendant served

4    requests for production and interrogatories on Plaintiff.  On February 14, 2020, Plaintiff served

5    requests for production and interrogatories on Defendant.  Plaintiff responded to Defendant's

6    requests on February 24, 2020.  Defendant will respond to Plaintiff's requests by March 15, 2020.

7    Plaintiff's discovery requests seek information and documents related to any net claims savings

8    which Defendant has achieved on the 37 claims that was facilitated by Plaintiff's audit of these

9    claims pursuant to the Agreement between the Parties.  Defendant's discovery requests seek

10   information and documents related to any agreements governing Plaintiff's audit work for

11   Defendant, any payments made in connection with Plaintiff's work for Defendant, and the

12   negotiation and terms of the Release and the related settlement agreement.

13   Proposed discovery dates:

14   - Fact discovery cut-off: **June 26, 2020**

15   - Expert discovery cutoff: **June 30, 2020**

16   - Expert disclosures: **June 5, 2020**

17   - Expert rebuttal: **June 15, 2020**

18   - Deadline to file dispositive motions: **July 31, 2020**

19   - Hearing of dispositive motions: **September 24, 2020**

20   The Parties disagree on whether discovery should be divided into phases.  Defendant

21   proposes a phased approach to discovery, with Phase I to be limited to documents dated after the

22   2018 Release.   Phase I discovery would end on April 17, 2020.  Defendant proposes this approach

23   in order to prioritize those documents most relevant to the issue of whether any of Plaintiff's claims

24   accrued after the effective date of the Release.  Plaintiff opposes this proposal.

25   **9.    Class Actions:**  Not applicable as this case is not a class action and the Parties do not

26   anticipate the addition of class allegations.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**10.     Related Cases:**

Defendant filed an administrative motion to relate the present case to *Advanced Risk Managers, LLC v. Renaissance Reinsurance U.S. Inc.,* Case No. 4:18-cv-00264-JST (N.D. Cal.), the prior action resulting in a settlement between, *inter alia*, ARM and Equinox.  The Court declined to treat the cases as related.

**11.     Relief:**

As set forth in the Complaint, Plaintiff seeks contractual damages in the amount of 28% of the net claims savings Defendant achieved which was facilitated by using Plaintiff's audit of the 37 claims and identified overbilling and potential billing errors pursuant to the Parties' Agreement. Plaintiff also seeks a declaration that the prior release agreement did not release and discharge Plaintiff's claims asserted in this action.

As set forth in its Answer and Counterclaims, Defendant has requested that the Court deny all relief requested by Plaintiff and enter a judgment in favor of Defendant.  Defendant seeks damages in an amount to be proven at trial, actual costs, and attorney's fees incurred in connection with this litigation.

**12.     Settlement and ADR:**

Plaintiff is agreeable to participating in mediation and/or a settlement conference.  Defendant believes that Plaintiff's alleged refusal to abide by the Release entered as part of the ADR-assisted settlement of the prior action involving these parties creates substantial obstacles to any ADR process in this case, because it is unclear to Defendant whether Plaintiff would be likely to abide by the terms of any settlement achieved or any further Release which may be executed.

**13.     Consent to Magistrate Judge for All Purposes:**

The Parties have consented to a magistrate judge to conduct all further proceedings in this matter.

**14.     Other References:**  The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues:**

Defendant believes the issues may be narrowed to those involving the scope and force of the prior release agreement.

**16.     Expedited Trial Schedule:**

It is the Parties' position that this case is not the type that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.     Scheduling:**

The Parties will be prepared to discuss proposed scheduling and a scheduling order at the case management conference.

The Parties propose the following schedule:
- Fact discovery cut-off: **June 26, 2020**
- Expert disclosures: **June 5, 2020**
- Expert rebuttal: **June 15, 2020**
- Hearing of dispositive motions: **September 24, 2020**
- Expert discovery cutoff: **July 17, 2020**
- Deadline to file dispositive motions: **July 31, 2020**
- Pretrial conference statement due: **November 19, 2020**
- Pretrial conference: **December 16, 2020**
- Trial: **January 12, 2021**

**18.     Trial:**

Plaintiff has demanded a jury trial, and expects trial to last four days.

**19.     Disclosure of Non-Party Interested Entities or Persons:**

The Parties have each filed their Certification of Interested Entities or Persons as required by Civil Local Rule 3-15.

**20.     Professional Conduct:**

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Other:**

Counsel are not aware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated:  February 26, 2020

PRATHER LAW OFFICES


By: /s/ Sybil L. Renick
      SYBIL L. RENICK

Attorneys for Plaintiff/Counterclaim-Defendant
ADVANCED RISK MANAGERS, LLC


Dated:  February 26, 2020

HERBERT SMITH FREEHILLS
NEW YORK LLP


By: /s/ Jonathan Cross
      JONATHAN CROSS

Attorneys for Defendant/Counterclaim-Plaintiff
EQUINOX MANAGEMENT GROUP, INC.